# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 27, 2013

Lyle W. Cayce
Clerk

No. 12-60670
Summary Calendar

BASDEO SURESH LALL; FARIDA ALI,

Petitioners

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 939 247
BIA No. A089 939 248

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Basdeo Suresh Lall and Farida Ali, a married couple who are both natives and citizens of Trinidad and Tobago, petition this court for review of an order from the Board of Immigration Appeals (BIA) summarily affirming the immigration judge's (IJ) denial of their applications for withholding of removal and for protection under the Convention Against Torture (CAT). During their immigration hearing, Lall and Ali testified that Lall, Ali's brother, and several

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

neighbors and friends were beaten and/or robbed in separate instances in Trinidad and Tobago. All but one of the victims was specified to be of Indian descent, while all of the attackers were described to be of African descent. Although most of those attacks were reported to the local police, Lall and Ali stated that they did not believe the police protected citizens of Indian descent.

To obtain withholding of removal, an applicant must show a clear probability that he will be persecuted upon his return to his home country. *Roy v. Ashcroft*, 389 F.3d 132, 138 (5th Cir. 2004). The alien must present "some particularized connection between the feared persecution" and the protected ground upon which the alien's application for relief relies. *Faddoul v. INS*, 37 F.3d 185, 188 (5th Cir. 1994). "[A]n alien must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." *Shaikh v. Holder*, 588 F.3d 861, 864 (5th Cir. 2009) (internal quotation marks and citation omitted).

We review an immigration court's findings of fact for substantial evidence. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). We may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Id.* at 537. Among the findings of fact that we review for substantial evidence is the conclusion that an alien is not eligible for withholding of removal or relief under the CAT. *Zhang v. Gonzales*, 432 F.3d 339, 344 (5th Cir. 2005).

In their petition for review, the petitioners argue that the immigration judge erred in finding that there was no evidence that the attacks upon Lall and the others were motivated by race. They note that the IJ found their testimonies to be credible, and they argue that the racial makeup of the victims and the assailants shows that the crimes were racially motivated. They also contend that they were entitled to a rebuttable presumption that they would be persecuted in the future because they established past persecution.

Our examination of the record and the petitioners' arguments shows that the evidence was not so compelling that no reasonable factfinder could conclude that the petitioners did not warrant the relief they sought. *See Wang*, 569 F.3d at 537; *Zhang*, 432 F.3d at 344.

Their petition for review is DENIED.